UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KIRKELIE,<br><br>Plaintiff,<br><br>v.<br><br>C.O. THISSELL, et al.,<br><br>Defendants. | No. 1:15-cv-00735-DAD-SAB (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS</u><br><br>(Doc. Nos. 20, 60) |

Plaintiff Jonathan Kirkelie is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff consented to United States Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) on May 28, 2015. To date, defendants have not consented or declined United States magistrate judge jurisdiction.

On January 25, 2016, the assigned magistrate judge screened plaintiff's second amended complaint and found that plaintiff stated cognizable Fourth and Eighth Amendment claims against defendant Thissell, and a cognizable Eighth Amendment claim for failure to protect against defendants Smith, Madttavi, Masterson, Knoll, and Does 1 and 2. (Doc. No. 20.) The magistrate judge dismissed all other claims and defendants from the action for failure to state a cognizable claim for relief. (*Id.*) In issuing that order, the magistrate judge indicated that plaintiff had consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c) and that and no

1

other parties had yet appeared in the action. (*Id.*)

On August 5, 2016, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. (Doc. No. 29.) On March 29, 2017, the undersigned adopted the assigned magistrate judge's findings and recommendations and defendants' motion was granted as to defendant Masterson only and denied in all other respects. (Doc. No. 45.) On September 8, 2017, defendants Knoll, Madttavi, Smith and Thissell filed an answer to the complaint. (Doc. No. 57.) On September 13, 2017, the court issued the discovery and scheduling order. (Doc. No. 59.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claims in its January 25, 2016 order. Therefore, on November 30, 2017, the magistrate judge issued findings and recommendations recommending that this action proceed against defendant Thissell for violations under the Fourth and Eighth Amendments, and against defendants Smith, Madttavi, Masterson, Knoll, and Does 1 and 2 for failure to protect in violation of the Eighth Amendment, and that all other claims and defendants be dismissed from the action for failure to state a cognizable claim for relief. (Doc. No. 60.) The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. No objections were filed and the time period to do has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of plaintiff's case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

/////
/////
/////
/////
/////

2

Accordingly, it is hereby ordered that:

1. The November 30, 2017 findings and recommendations (Doc. No. 60) are adopted in full;

2. At the screening stage only, plaintiff has stated a cognizable claim against defendant Thissel for violations under the Fourth and Eighth Amendments, and against defendants Smith, Madttavi, Masterson, Knoll, and Does 1 and 2 for failure to protect in violation of the Eighth Amendment;[1] and

3. All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 5, 2018**

UNITED STATES DISTRICT JUDGE

---

[1] The March 29, 2017 ruling on defendants' motion to dismiss, or in the alternative motion for summary judgment, still stands and defendant Masterson has been properly dismissed from the action. (Doc. No. 45.)