# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KIRKELIE, | Case No.: 1:15-cv-00735-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' DISCOVERY REQUESTS WITHIN THIRTY DAYS OR THE COURT WILL RECOMMEND DISMISSAL OF THE ACTION |
| C.O. THISSELL, et al., | |
| Defendant. | |
| | [ECF No. 61] |

Plaintiff Jonathan Kirkelie is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").

Currently before the Court is Defendants' motion to compel, filed December 7, 2017.

## I.

## RELEVANT BACKGROUND

Plaintiff filed the instant action on May 15, 2015. On January 25, 2016, the Court screened plaintiff's second amended complaint and found that Plaintiff stated a cognizable Fourth and Eighth Amendment claim against defendant Thissell and a cognizable Eighth Amendment claim for failure to protect against defendants Smith, Madttavi, Masterson, Knoll, and Does 1 and 2. (Doc. No. 20.) The Court dismissed all other claims and defendants from the action for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the

1

fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared. (Id.)

On August 5, 2016, Defendants Knoll, Mahdavi, Masterson, Smith and Thissell filed a motion to dismiss or, in the alternative, motion for summary judgment.

Plaintiff filed an opposition on November 17, 2016, and Defendants filed a timely reply on November 29, 2016.

On February 2, 2017, the undersigned issued Findings and Recommendation recommending that Defendants' motion for summary judgment be granted as to Defendant Masterson only and denied as to all other Defendants. The Findings and Recommendations were adopted in full on March 29, 2017, and judgment was entered in favor of Defendant Masterson only.

Defendants filed a notice of appeal to the Ninth Circuit Court of Appeals, but it was voluntarily dismissed on August 28, 2017.

On August 31, 2017, the Court directed Defendants Knoll, Mahdavi, Smith and Thissell to file a further response to Plaintiff's second amended complaint within ten days.

On September 8, 2017, Defendants filed an answer to the second amended complaint.

On September 13, 2017, the Court issued the discovery and scheduling order.

As previously stated, on December 7, 2017, Defendants filed a motion to compel Plaintiff to respond to discovery or dismiss the case for failure to prosecute. Plaintiff has not filed an opposition and the time to do so has expired. Accordingly, Defendants' motion to compel is deemed submitted for review without oral argument. Local Rule 110.

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a federal prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or

2

infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Defendants submit that on October 5, 2017, they served Plaintiff at his address of record with a first set of interrogatories and first set of requests for production of documents. (Lodge Decl. ¶ 2.) Defendants collectively requested production of 19 categories of documents, and each Defendant

propounded at least 18 interrogatories to discover information about Plaintiff's claims. (Id.) Pursuant to the Court's September 13, 2017 discovery and scheduling order, Plaintiff's responses were due within 45 days of service, i.e. no later than November 20, 2017. (ECF No. 59.)

On November 25, 2017, defense counsel sent Plaintiff a "meet and confer" letter at his address of record regarding his failure to respond to the above referenced written discovery.[1] (Lodge Decl. ¶ 3, Ex. 2.) Counsel advised Plaintiff that if responses were not received on or before Wednesday, December 6, 2017, Defendants would file a motion to compel responses. (Id.) Counsel also requested that Plaintiff provide information and a date for Defendants to take his deposition. (Id.) Plaintiff did not request additional time to respond to Defendants' discovery requests, and Defendants have not received any response to the outstanding discovery. (Id.)

Given Plaintiff's complete lack of response to Defendants' timely served discovery requests and timely filed motion to compel, Defendants' motion to compel shall be granted and Plaintiff will be directed to file responses within thirty days or suffer dismissal of the action for failure to prosecute. Local Rule 110; see Ferdik v. Bonzelet, 963 F.2d 1258, 1262-1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); see also Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel is GRANTED;
2. Plaintiff shall respond to all of Defendants' requests served on October 5, 2017 within thirty days from the date of service of this order; and

///
///
///
///

---

[1] It is noted that defense counsel sent a meet and confer letter as a courtesy notwithstanding the fact that such was not required because Plaintiff is a prisoner and the discovery order excused such requirement. (ECF No. 59.)

4

3. Plaintiff's failure to comply with this order will result in a recommendation that the action be dismissed, with prejudice. Local Rule 110.

IT IS SO ORDERED.

Dated: __**January 8, 2018**__

UNITED STATES MAGISTRATE JUDGE