# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KIRKELIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.O. THISSELL, et al.,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00735-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE<br><br>[ECF No. 65] |

Plaintiff Jonathan Kirkelie is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").

Currently before the Court is Defendants' motion for terminating sanctions, filed on February 13, 2018. (ECF No. 65.)

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on May 15, 2015. On January 25, 2016, the Court screened plaintiff's second amended complaint and found that Plaintiff stated a cognizable Fourth and Eighth Amendment claim against defendant Thissell and a cognizable Eighth Amendment claim for failure to protect against defendants Smith, Madttavi, Masterson, Knoll, and Does 1 and 2. (Doc. No. 20.) The Court dismissed all other claims and defendants from the action for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the

1

fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared. (Id.)

On August 5, 2016, Defendants Knoll, Mahdavi, Masterson, Smith and Thissell filed a motion to dismiss or, in the alternative, motion for summary judgment.

Plaintiff filed an opposition on November 17, 2016, and Defendants filed a timely reply on November 29, 2016.

On February 2, 2017, the undersigned issued Findings and Recommendation recommending that Defendants' motion for summary judgment be granted as to Defendant Masterson only and denied as to all other Defendants. The Findings and Recommendations were adopted in full on March 29, 2017, and judgment was entered in favor of Defendant Masterson only.

Defendants filed a notice of appeal to the Ninth Circuit Court of Appeals, but it was voluntarily dismissed on August 28, 2017.

On August 31, 2017, the Court directed Defendants Knoll, Mahdavi, Smith and Thissell to file a further response to Plaintiff's second amended complaint within ten days.

On September 8, 2017, Defendants filed an answer to the second amended complaint.

On September 13, 2017, the Court issued the discovery and scheduling order.

On December 7, 2017, Defendants filed a motion to compel Plaintiff to respond to discovery or dismiss the case for failure to prosecute. Plaintiff did not file an opposition.

On January 9, 2018, the Court granted Defendants' motion to compel and directed Plaintiff to file a response to Defendants' discovery requests within thirty days from the date of service of the order or the Court would recommend dismissal of the action, with prejudice.

As previously stated, on February 13, 2018, Defendants filed an ex parte motion for terminating sanctions for Plaintiff's failure to comply with the Court's January 9, 2018, namely, to serve responses to the outstanding discovery requests. Plaintiff has not filed a response to Defendants' motion and the time to do so has expired. Accordingly, Defendants' motion is deemed submitted for review without oral argument. Local Rule 230(l).

///
///

2

# II.
# DISCUSSION

Defendants seek terminating sanctions for Plaintiff's failure to comply with discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure, which "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Fed. R. Civ. P. 41(b); Local Rule 110.

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). The Ninth Circuit has identified five factors that a court must consider when a party seeks terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of the action. The first two factors strongly support dismissal. The public's interest in resolving this litigation weighs in favor of the issuance of terminating sanctions as this case has been pending since May 2015. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.") Further, the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, the Court's interest in managing its docket weighs in favor of terminating the action. See, e.g., Gonzales v. Mills, No. 1:09-cv-1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. March 16, 2011).

Defendants have suffered prejudice due to Plaintiff's failure to respond to discovery requests. The failure to obtain discovery information significantly impairs the Defendants' ability to go to trial

and to determine whether Plaintiff has adequately exhausted administrative remedies and to make rightful and informed decisions as to whether this affirmative defense should be explored. Plaintiff's failure to respond to discovery has created an unreasonable delay, which in turns creates a presumption of prejudice. Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). In addition, the additional efforts to obtain discovery responses required Defendants to incur expenses that would not otherwise have been incurred had Plaintiff responsibility cooperated.

The fourth factor requires the Court to consider the availability and adequacy of less drastic sanctions. Defendants have served requests for interrogatories and production of documents, and Plaintiff has been given ample time to fully respond to them, seek an extension of time to respond, or explain why non-compliance is not possible. Plaintiff has not done any of these, and Defendants were forced to file a motion to compel, which was granted and Plaintiff disobeyed the Court's order to respond to discovery. "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." (PPA) Prods. Liab. Litig., 460 F.3d at 1228. Thus, the fourth factor weighs in favor of dismissal of the action.

Finally, with respect to less drastic alternatives, although the Court could issue a less drastic sanction, it would not make a difference in this case given Plaintiff's repeated failure to comply with the applicable rules and court orders. Plaintiff was granted ample time to comply with the Court's January 9, 2018, order granting Defendants' motion to compel, and the Court's order specifically advised Plaintiff that failure to comply with the order will result in a recommendation for dismissal of the action with prejudice. (ECF No. 64.) As evidenced by the record in this case, it is apparent that Plaintiff has abandoned this litigation and it is reasonable to dismiss the action, in lieu of lesser sanctions (which have proven unsuccessful).

In sum, the five factors favor dismissal in this case. Plaintiff has ignored the Court's January 9, 2018, order (despite the warning of dismissal for failure to comply), as well as Defendants' discovery requests and letters, and it seems clear that Plaintiff has abandoned this action and dismissal,

4

with prejudice, is warranted. Fed. R. Civ. P. 41(b); Pataglunan v. Galaza, 291 F.3d 639, 640-643 (9th Cir. 2002) (affirming district court's sua sponte dismissal of habeas corpus petition with prejudice "for failure to prosecute and failure to comply with a court order"); see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (it is the responsibility of the moving party to prosecute an action at a reasonable pace and to refrain from dilatory and evasive tactics, or actions that unreasonably slow (or stall) the pace of the litigation).

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions be GRANTED; and
2. This action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 8, 2018__

UNITED STATES MAGISTRATE JUDGE